**Rocael Mendoza GOMEZ, aka Carlos Roberto Martinez, Petitioner,**

v.

**John ASHCROFT, Attorney**

General,* Respondent.

No. 02–73391.

Agency No. A77–284–171.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.**

Decided Sept. 19, 2003.

Rocael Mendoza Gomez, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Mark C. Walters, Esq., US Department of Justice, Alison Marie Igoe, Office of Immigration Litigation, Washington, DC, for Respondent.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM***

Rocael Mendoza Gomez, a native and citizen of Guatemala, petitions pro se for review of a Board of Immigration Appeals decision summarily affirming the immigration judge's ("IJ") denial of his request for a continuance and denial of his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We liberally construe the contentions raised on appeal because Mendoza–Gomez is proceeding pro se. See Agyeman v. INS, 296

F.3d 871, 878 (9th Cir.2002). We review the IJ's denial of a request for a continuance for an abuse of discretion. Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988); Gonzalez v. INS, 82 F.3d 903, 907 (9th Cir. 1996). We grant the petition for review.

Gomez requested a continuance of one week to prepare and file his application for cancellation of removal. The IJ abused its discretion by denying the continuance due to lack of diligence. See Baires, 856 F.2d at 91 (holding that an IJ must consider factors several factors when adjudicating a request for a continuance). The court may have been inconvenienced by the request, but none of the evidence Gomez wanted to submit at the continued hearing was "immaterial, unimportant, or cumulative," because nothing supporting his request for cancellation was previously made part of the record. See id. at 92–93. Although Gomez neglected to keep in close contact with his attorney before his merits hearing, his conduct was not totally unreasonable because he was not told that his attorney would proceed on his behalf without pay. Cf. id. at 93. Gomez's hearing was continued twice, but he only requested one of the continuances and it was granted so that his attorney could prepare for the master calendar hearing, not to prepare his cancellation application. Cf. id.

After weighing the Baires factors, we conclude that the IJ's denial of the motion for a continuance constituted an abuse of discretion. See id. Accordingly, we grant the petition for review and remand for further proceedings consistent with this decision.

* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**158**

PETITION FOR REVIEW GRANT-
ED; REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.